IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LARRY W. EUBANKS and**  **PLAINTIFFS**
**CAROLYN D. EUBANKS,**
*Individually and on behalf of all*
*others similarly situated*

v.   Case No. 4:21-cv-00329-LPR

**FLYWHEEL ENERGY PRODUCTION, LLC**
**and XTO ENERGY, INC.**   **DEFENDANTS**

**ORDER**

Pending before the Court are two Motions for Summary Judgment.¹ Each Defendant in this case—Flywheel Energy Production, LLC and XTO Energy, Inc.—has filed its own Motion for Summary Judgment. Both of the Defendants' Motions for Summary Judgment are GRANTED. Here's why.

In a series of Orders entered in *Hurd v. Flywheel Energy Production, LLC*, *Pennington v. BHP Billiton Petroleum (Fayetteville), LLC*, *Flowers v. Flywheel Energy Production, LLC*, and *Oliger v. Flywheel Energy Production, LLC*, the Court has resolved all of the dispositive legal issues that are at play in the instant case.² The Court need not repeat the content of those Orders here. Instead, the Court adopts and incorporates the findings, analyses, and conclusions from those Orders as if they were fully set out herein. With this in mind, the Court turns to the Plaintiffs' claims.

---

¹ Flywheel's Mot. for Summ. J. (Doc. 63); XTO's Mot. for Summ. J. (Doc. 71).
² *See Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR, 2023 WL 3687166 (E.D. Ark. May 26, 2023) ("*Hurd* Certification Order"); *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR, 2023 WL 5669094 (E.D. Ark. July 25, 2023) ("*Hurd* Summary Judgment Order I"); *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR, 2024 WL 4571445 (E.D. Ark. Oct. 24, 2024) (slip op.) ("*Hurd* Summary Judgment Order II"); *Pennington v. BHP Billiton Petroleum (Fayetteville), LLC*, No. 4:20-cv-00178-LPR, 2024 WL 4652196 (E.D. Ark. Nov. 1, 2024) (slip op.); Order, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Jan. 29, 2025), ECF No. 105 ("*Flowers* Summary Judgment Order"); Order, *Oliger v. Flywheel Energy Prod., LLC*, No. 4:20-cv-01146-LPR (E.D. Ark. filed Feb. 3, 2025), ECF No. 119.

I.      **Declaratory Judgment and Breach of Contract (Counts I and II)**

With respect to Counts I and II, the Plaintiffs' allegations in this case are essentially identical to the allegations in *Hurd*, *Pennington*, *Flowers*, and *Oliger*.[3] Primarily, the Plaintiffs allege that: (1) Flywheel—as the operator—has been unlawfully deducting post-production expenses from the first 1/8 royalty paid out to Plaintiffs; and (2) XTO—as the working interest owner—is acting in breach of the gross proceeds lease by failing to pay the Plaintiffs the delta between what Flywheel is paying (a net proceeds royalty) and what the Plaintiffs believe they are contractually owed (a gross proceeds royalty) with respect to the first 1/8 royalty.

Those claims fail for the same reasons such claims failed in *Hurd*, *Pennington*, *Oliger*, and *Flowers*. First, the statutory blended royalty provided for by Arkansas Code Annotated section 15-72-305 entirely replaces the first 1/8 royalty owed under the relevant lease.[4] Second, the Defendants' deductions of post-production expenses from the statutory blended royalty are permitted by the statute.[5] The Plaintiffs contest the Court's interpretation of section 15-72-305 by using arguments that are essentially identical to those employed by the plaintiffs in *Flowers*.[6] The

---

[3] *Compare* Compl. (Doc. 2) ¶¶ 14–27, 36(b)–36(j), 44, 47–52, *with* Third Am. Compl. ¶¶ 14–27, 36(b)–36(j), 44, 47–52, *Oliger v. Flywheel Energy Prod., LLC*, No. 4:20-cv-01146-LPR (E.D. Ark. filed Mar. 24, 2021), ECF No. 34, *and* Second Am. Compl. ¶¶ 7–17, *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-cv-01207-LPR (E.D. Ark. filed Dec. 19, 2022), ECF No. 25, *and* First Am. Compl. ¶¶ 14–27, 36–37, 41–42, *Pennington v. BHP Billiton Petroleum (Fayetteville), LLC*, No. 4:20-cv-00178-LPR (E.D. Ark. filed May 19, 2020), ECF No. 8, *and* Compl. ¶¶ 5–27, 36(b)–36(j), 44, 47–52, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. removed Apr. 21, 2021), ECF No. 2.

The instant case is most similar to *Flowers* insofar as Defendant Flywheel operates the wells at issue and a different party (here, Defendant XTO, and in *Flowers*, defendants Riverbend and Merit Energy) is the working interest owner under the lease at issue. *Compare* Pls.' Resp. to XTO's Statement of Undisputed Facts (Doc. 74) ¶¶ 1, 3, *with* Pls.' Resp. to Riverbend's Statement of Undisputed Facts ¶¶ 7–8, 11, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 13, 2024), ECF No. 96.

[4] *See Hurd* Certification Order at *5–8; *Hurd* Summary Judgment Order II at *2, *16 (denying a motion to reconsider the Court's conclusion in the *Hurd* Certification Order that the statute replaces the first 1/8 royalty owed under the plaintiffs' leases).

[5] *See Hurd* Certification Order at *9–10; *Hurd* Summary Judgment Order II at *6–16 (providing additional detail as to why section 15-72-305 permits post-production expense deductions).

[6] *Compare* Br. in Resp. to Flywheel's Mot. for Summ. J. (Doc. 68) at 6–11, *with* Br. in Resp. to Defs.' Mot. for Summ. J. at 6–11, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 13, 2024), ECF

Court did not find those arguments persuasive in *Flowers* and it does not find them persuasive in the instant case, either.[7]  Accordingly, the Defendants are entitled to summary judgment on all claims in Counts I and II.

## II.     Unjust Enrichment and Deceptive Trade Practices (Counts III and IV)

Count III levies unjust enrichment allegations against the Defendants.  These claims are functionally identical to the unjust enrichment claims levied against the defendants in the *Flowers* case.[8]  The Plaintiffs' unjust enrichment claims against XTO fail for the same reason the *Flowers* plaintiffs' unjust enrichment claims against the working interest owners in that case failed:  The Plaintiffs have a contractual relationship with XTO.[9]  And the Plaintiffs' unjust enrichment claims against Flywheel fail as well, again for the same reasons the *Flowers* plaintiffs' unjust enrichment claims against Flywheel failed in the *Flowers* case.[10]  So the Defendants are entitled to summary judgment on all claims brought in Count III.

---

No. 95, *and* Br. in Resp. to Merit Energy's Mot. for Summ. J. at 6–11, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 30, 2024), ECF No. 103.

The Court notes that the breach-of-contract portion of the Plaintiffs' primary brief refers to "Merit and Riverbend" breaching the terms of the Plaintiffs' lease rather than XTO breaching said lease.  Br. in Resp. to Flywheel's Mot. for Summ. J. (Doc. 68) at 11.  Of course, Riverbend and Merit are not parties to the instant case, and XTO is the party that the Plaintiffs are alleging breached their lease.  *See* Br. in Resp. to XTO's Mot. for Summ. J. (Doc. 75) at 1.  This mistake appears to be a consequence of the Plaintiffs submitting a brief that is essentially identical to the summary judgment briefs submitted by the plaintiffs in *Flowers*.  *Compare* Br. in Resp. to Flywheel's Mot. for Summ. J. (Doc. 68), *with* Br. in Resp. to Defs.' Mot. for Summ. J., *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 13, 2024), ECF No. 95, *and* Br. in Resp. to Merit Energy's Mot. for Summ. J., *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. filed Dec. 30, 2024), ECF No. 103.  Accordingly, the Court will proceed with the understanding that any references to "Riverbend" or "Merit Energy" are intended to refer to XTO.

[7] *See Flowers* Summary Judgment Order at 3.  Plaintiffs' Complaint also asserts back-up claims in Count I which are functionally identical to back-up claims asserted by the *Flowers* plaintiffs.  *Compare* Compl. (Doc. 2) ¶¶ 47(c), 47(f), *with* Compl. ¶¶ 47(c), 47(f), *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. removed Apr. 21, 2021), ECF No. 2.  The Court rejects these claims for the same reasons it rejected the similar claims brought by the plaintiffs in *Flowers*.  *See Flowers* Summary Judgment Order at 3–4.

[8] *Compare* Compl. (Doc. 2) ¶¶ 54–59, *with* Compl. ¶¶ 54–59, *Flowers v. Flywheel Energy Prod., LLC*, No. 4:21-cv-00330-LPR (E.D. Ark. removed Apr. 21, 2021), ECF No. 2.

[9] *See Flowers* Summary Judgment Order at 5; Pls.' Resp. to XTO's Statement of Undisputed Facts (Doc. 74) ¶ 1.

[10] *See Flowers* Summary Judgment Order at 5.

Count IV of the Complaint alleges violations of the Arkansas Deceptive Trade Practices Act.[11] For the reasons explained in this Court's summary judgment order in *Flowers*, Plaintiffs' ADTPA claims—whether brought against Flywheel or against XTO—fail as a matter of law.[12] Both of the Defendants are therefore entitled to summary judgment on all claims brought in Count IV.

*   *   *

For the foregoing reasons, Defendants Flywheel Energy Production, LLC and XTO Energy, Inc.'s Motions for Summary Judgment are GRANTED.[13] Judgment will be entered for the Defendants on all live claims, and this case will be CLOSED.

IT IS SO ORDERED this 4th day of February 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[11] Compl. (Doc. 2) ¶¶ 60–63; Br. in Resp. to Flywheel's Mot. for Summ. J. (Doc. 68) at 14.

[12] *See Flowers* Summary Judgment Order at 5–7.

[13] Doc. 63; Doc. 71.